**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MARCUS SHAMILLYON JACKSON,**

                      **Plaintiff,**

       v.                                      CASE NO. 21-3151-SAC

**CITY OF SHAWNEE, KANSAS, et al.,**

                      **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter comes before the Court upon Plaintiff's pro se complaint filed under 42 U.S.C. § 1983. The Court has screened the complaint as required by 28 U.S.C. § 1915A(a) and directs Plaintiff to show cause why this matter should not be dismissed due to the deficiencies in the complaint discussed herein. The Court also grants Plaintiff the opportunity to file an amended complaint complying with the requirements set forth in this order. The failure to file a timely response or amended complaint may result in the dismissal of this matter without prior notice to Plaintiff.

**I.  Nature of the Matter before the Court**

Plaintiff commenced this action while housed in the Leavenworth Detention Center (LDC), in Leavenworth, Kansas, serving a state-imposed sentence for aggravated burglary and fleeing or attempting to elude a police officer. In his complaint he names the following Defendants: the Cities of Shawnee, Fairway, and Leawood, Kansas; Shawnee Police Department (SPD) Officer Thomas Rhomberg;

1

SPD Service Supervisor Sue Campbell; Former SPD Police Chief Rob Moser; SPD Officer James Mahoney; SPD Police Chief Sam Larson; Michelle Distler, Mayor of the City of Shawnee; Fairway Police Department (FPD) Officer J.P. Thurlo; the Johnson County Sheriff's Office; and Leawood Police Department (LPD) Officer Jason Ahring. Plaintiff sues Defendants in their official and individual capacities.

Although Plaintiff submitted his complaint on the required court-approved forms, it remains unclear what claims Plaintiff intends to assert. Section B of the form complaint directs Plaintiff to "[b]riefly state the background of your case." (Doc. 1, p. 2.) Plaintiff's statement in response is 23 pages long. *Id.* at 2, 6-28. Section C of Plaintiff's complaint, in which Plaintiff sets forth his causes of action, directs the Court to the "nature of the case" section and alleges multiple violations for each count. *Id.* at 29-30.

For example, as Count I, Plaintiff alleges unlawful arrest, discrimination, malicious prosecution, unlawful detention and incarceration, failure to train, emotional distress, mental distress, the tort of outrage, abuse of process, conspiracy to further unlawful arrest, and conspiracy to discriminate, and bias-based police misconduct because plaintiff is a convicted felon and is black. *Id.* at 29. When asked to state the facts supporting this count clearly in his own words, Plaintiff asserts:

> "*Note* See: (NATURE OF CASE) (Officer/Thomas Rhomberg #802)(Officer/Lt. J.P. Thurlo #1275; <u>Filed</u>, City of Leawood's (Investigated, Instigated, Influenced, initiated) willful 'false Allegations' of Plaintiff's Known Address, Color Of Buick Rendezvous, time of (G.P.S./ETD-Attachment), (time [and] Date) of (Shawnee, KS Traffic Accident) Per (Citation No: #E15000777), Observance of Driver – Per (Kansas Motor Vehicle Accident Report). . . All to Conceal the defects [and] *Notably, the (ATTACHMENT) of E.T.D. on Buick, and to Convict, harass, extort funds, cause known emotional/mental Distress [and] unlawful arrest and detention." *Id.* at 29.

The Court liberally construes the complaint because Plaintiff is proceedings pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

A brief recitation of the underlying facts of the legal proceedings helps put Plaintiff's claims in context.

**A. Factual Background**

In October 2015, Plaintiff and another man, Carl Williams, were suspects in a string of burglaries in the Kansas City area. *Jackson v. Ash*, No. 17-3082-JWB-GEB, 2019 WL 2605490, *1 (D. Kan. April 22, 2019) (*Jackson II*). Thus, police attached a GPS tracking device to Plaintiff's vehicle, a Buick Rendezvous. *State v. Jackson*, 2019 WL 491206, at *1 (Kan. Ct. App. 2019) (*Jackson I*). On October 8, 2015, while police were surveilling Plaintiff, homeowners in the area called 911 to report a burglary in progress.

3

*Jackson II*, 2019 WL 2605490, at *1. Soon after, an officer saw Plaintiff's Buick leaving the area and a chase ensued, ending when "the Buick crashed into a train bridge and caught on fire." *Id.; see also Jackson I*, 2019 WL 491206, at *2. At least one occupant fled the Buick and police found Williams lying next to the Buick. *Jackson II*, 2019 WL 2605490, at *1.

Police found Plaintiff several hours later. *Id.* at *2. When they took Plaintiff into custody, he was wearing only one shoe, which matched a shoe that had been recovered near the Buick. *Id.* Police took Plaintiff in for an interview and, after Plaintiff requested an attorney, police booked Plaintiff into the Wyandotte County Jail on a 48-hour hold. *Id.*

"On [Friday,] October 9, 2015, a Kansas City, Missouri Police Department detective submitted an affidavit to the Wyandotte County District Court seeking an arrest warrant for Plaintiff." *Id.* at *1. The affidavit stated that the police investigation of the recent burglaries led to Plaintiff and Williams being identified as suspects because they had pawned items stolen during the burglaries. *Id.* The judge signed the arrest warrant and it was filed in state court the following Tuesday, October 13. *Id.* at *2. Plaintiff was arrested the same day. *Id.* After a jury trial in March 2017, Plaintiff was convicted of aggravated burglary and fleeing or attempting to elude a police officer, based on the events of

4

October 8, 2015. *Id.* at *1-2. Plaintiff was sentenced to 84 months in prison. *Jackson I*, 2019 WL 491206, at *2.

### B. Current Complaint

Liberally construing the complaint now before the Court, Plaintiff asserts that SPD officers, acting out of racially discriminatory motives and bias against Plaintiff as a convicted offender, improperly and upon knowingly false statements obtained the warrant allowing them to attach a GPS device to the Buick. Plaintiff asserts the warrant was unsupported by probable cause, the GPS device was attached outside the jurisdiction in which the warrant was valid, and any evidence that resulted from the GPS device should have been suppressed at his trial.

Plaintiff is further aggrieved that other Defendants did not respond to his complaints or otherwise remedy the situation, instead—as Plaintiff sees it—engaging in conspiracy to cover up the police misconduct. Plaintiff alleges a custom and culture in the City of Shawnee of failing to appropriately train and failing to respond to his complaints. He similarly asserts that the Johnson County Sheriff's Office has a custom or informal policy to "hold to the ('Blue Wall of – Silence')," as shown by failures to respond to complaints Plaintiff made about the alleged conspiracy while incarcerated in Johnson County.

Plaintiff contends that his 2015 arrest occurred partly because of the illegal GPS device. He also argues that he was

subjected to mistreatment and injured during the arrest, contrary to the arrest reports, which he claims contain false statements. He believes that his subsequent prosecution constituted malicious prosecution because SPD officers gave fabricated evidence to the city prosecutor. Moreover, Plaintiff alleges that between December 14 and 21, 2017, while he was in the custody of the Kansas Department of Corrections, he was raped.

Plaintiff also claims that in 2020, he learned about a citation filed against him in 2015 in Shawnee Municipal Court that contained false statements. He asserts that no probable cause existed to charge him with the seven traffic violations in the citation. As a result of the citation, Plaintiff contends that Defendants "extorted" approximately $36,000 from him by way of assessing fines and fees against him. Plaintiff alleges that Defendants' actions caused him various mental and physical issues that require medication and caused him to attempt suicide.

As Count I, Plaintiff focuses on Defendants Rhomberg and Thurlo's allegedly false statements made to obtain the GPS device warrant and in the traffic citation and their alleged conspiracy to conceal their misdeeds. (Doc. 1, p. 29.) As Count II, Plaintiff asserts that Defendants City of Fairway, City of Leawood, the Johnson County Sheriff's Office, City of Shawnee, Hayden, Wade, Grey, Mahoney, Larson, Moser, and Distler refused to respond appropriately to Plaintiff's assertions of actual innocence and

6

instead conspired to shield police misconduct related to his convictions and the traffic citation. *Id.* As Count III, Plaintiff asserts that Defendants City of Fairway, City of Leawood, City of Shawnee, the Johnson County Sheriff's Office, Ahring, Moser, Larson, Campbell, Rhomberg, and Mahoney conspired to inflict foreseeable emotional and mental distress on Plaintiff by filing the application for the GPS device and the traffic violation citation. He also alleges that these Defendants retaliated against him for filing grievances and complaints. *Id.* at 30.

In his request for relief, Plaintiff seeks declaratory relief; a written apology; over $18 million in damages, costs, and fees; and the criminal prosecution of Defendant Rhomberg. *Id.* at 31.

## II. Screening Standards

Because Plaintiff was a prisoner at the time he filed his complaint, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

## III. Discussion

### A. *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court "held that prisoners may not bring a § 1983 action that calls into question the lawfulness of their conviction until

7

the conviction has been invalidated." *Johnson v. Spencer*, 950 F.3d 680, 692 (10th Cir. 2020). Here, Plaintiff bases almost all of the claims he articulates on conduct that either led to Plaintiff's convictions or involved Plaintiff's later efforts to invalidate his convictions.[1] A ruling in Plaintiff's favor would necessarily call into question the lawfulness of his convictions. But Plaintiff's convictions were affirmed in the state courts. *See Jackson I*, 2019 WL 491206. Thus, his claims are barred by *Heck*.

### B. Failure to State a Claim

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v.*

---

[1] In Count III, Plaintiff refers to a conspiracy "to Retaliate on Plaintiff For Filing Grievance/Complaint/Notices." (Doc. 1, p. 30.) Such a retaliation claim would not necessarily be barred by *Heck* and it is discussed further below.

8

*Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The decisions in *Twombly* and *Erickson* created a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Under this new standard, courts determine whether a plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

### 1. Defendant Cities

Plaintiff names as Defendants the Cities of Shawnee, Fairway, and Leawood, Kansas. A municipality, such as each of these cities, may be liable under 42 U.S.C. § 1983 only when it has deprived a

person of his constitutional rights or has caused a person to be subjected to such deprivation. *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011). A city is not liable merely for the actions of its employees under a theory of respondeat superior. *See id*. Rather, municipalities are liable where enforcement of policies or customs by their employees causes a deprivation of a person's federally protected rights. *See Bd. Of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997).

This may be shown through (1) formal regulations; (2) widespread practice so permanent that it constitutes a custom; (3) decisions made by employees with final policymaking authority that are relied upon by subordinates; or (4) a failure to train or supervise employees that results from a deliberate indifference to the injuries caused. *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188-89 (10th Cir. 2010). It is not sufficient to make only conclusory statements of such a policy or custom. *See Twombly*, 550 U.S. at 555. Plaintiff's complaint fails to allege specific facts showing a city policy or custom which deprived him of his constitutional rights.

The Court concludes that even taking all the well-pleaded factual allegations in the complaint as true, Plaintiff has failed to allege facts showing that his constitutional rights have been violated because of a policy or custom of the City of Shawnee, Kansas; the City of Fairway, Kansas; or the City of Leawood, Kansas.

10

Thus, he has failed to state a plausible claim under § 1983 against these defendants.

### 2. Defendant Johnson County Sheriff's Office

Similarly, to impose § 1983 liability on the county and its officials for acts taken by its employees, Plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *See Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 695 (1978)). Plaintiff has failed to allege facts showing that his constitutional rights have been violated because of a county policy or custom of the Johnson County Sheriff's Office.

### 3. Defendants Campbell, Moser, Larson, Distler

An essential element of a § 1983 civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) ("[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim."). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-

official defendant, through the official's own individual actions, has violated the Constitution."). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The only factual allegations directly involving Defendants Campbell, Moser, Larson, and Distler are that each declined to respond as Plaintiff wished after he sent them complaints, grievances, or notices of his belief that he was a victim of police misconduct. An allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."). Even liberally construing the complaint and taking all well-pleaded allegations therein as true, Plaintiff has failed to adequately allege sufficient personal involvement by Defendants Campbell, Moser, Larson, and Distler.

### 4. Retaliation Claim

An "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006)(quotations and citations omitted); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)). Thus, for this type of claim, "it is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). To prevail, a prisoner must show that the challenged actions would not have occurred "but for" a retaliatory motive. *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001)(citing *Maschner*, 899 F.2d at 949-50; *Peterson*, 149 F.3d at 1144)). Plaintiff "must allege more than his personal belief that he is the victim of retaliation." *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

Even liberally construing the complaint and taking all well-pleaded allegations therein as true, Plaintiff has made only conclusory statements that any Defendant's actions were retaliatory in nature. Thus, he has failed to state a claim for retaliation upon which relief can be granted.

**IV. Rule 8 and Repetitious Litigation**

In filing an amended complaint, Plaintiff must comply with Fed. R. Civ. P. 8 and refrain from adding repetitious claims.

13

Plaintiff has been cautioned in previous cases before this Court as follows:

> The Amended Complaint also fails to comply with the Court's directive to submit it on the proper forms and fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's Amended Complaint consists of 167 pages and contains exhibits and hand-written pages interspersed between pages of the court-approved form. The Amended Complaint is largely incomprehensible and portions are illegible, containing small handwriting that has been marked up with highlighting and notations.
> The Court will grant Plaintiff one final opportunity to submit a proper amended complaint. In filing an amended complaint, Plaintiff must comply with Fed. R. Civ. P. 8's pleading standards. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's Amended Complaint fails to comply with this rule. "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).
> The Court also notes that Plaintiff's claims seem to relate to his state criminal proceedings. Plaintiff has made similar allegations in the previous case he filed with this Court. *See Jackson v. Ash*, Case No. 17-3082-JWB-GEB (dismissed). Plaintiff should not include the same claims as alleged in Case No. 17-3082 in any amended complaint he files in this case. "[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks

> omitted) (first alteration in original)
> (affirming district court's dismissal of suit
> where "duplicative of earlier action").

*Jackson v. Johnson Cty. Sheriff's Dep't*, Case No. 20-3211-SAC, Doc. 20, at 1–2 (D. Kan. Sept. 18, 2020). Plaintiff should follow these same directives when filing an amended complaint in his current case.

## V. Response Required

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety for failure to state a claim upon which relief can be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed for the reasons stated herein.

Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2] If Plaintiff chooses to file an amended complaint, he must name every defendant in the caption of the amended complaint. In the body of the amended complaint, he

---

[2] To add claims, significant fact allegations, or change defendants, a plaintiff must submit a complete amended complaint. See Fed. R. Civ. P. Rule 15. An amended complaint is not a supplement to the original complaint—it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from the original complaint. Plaintiff must write the number of this case (21-3151) at the top of the first page of his amended complaint. He must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. Rule 10. He should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

must specifically refer to each individual defendant who Plaintiff believes violated his rights and explain what each individual did, when each individual did it, how that action harmed Plaintiff, and what rights Plaintiff believes each individual violated. *See Nasious*, 492 F.3d at 1163. It will not be sufficient to submit a lengthy "Nature of the Case" statement and then generally refer the Court to that statement to identify Plaintiff's individual claims. Finally, Plaintiff must show that he has exhausted available administrative remedies for all claims alleged. If he does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **September 7, 2021**, in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **September 7, 2021,** to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS SO ORDERED.**

DATED:  This 4th day of August, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge